Further, it does not appear from the petition or response in No. 74–536 that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States,* 418 U. S. 87, 141 (1974), I believe that, consistent with the Due Process Clause, petitioner Ballew must be given an opportunity to have his case decided on, and to introduce evidence relevant to, the legal standard upon which his conviction has ultimately come to depend. Thus, even on its own terms, the Court should vacate this judgment and remand for a determination whether petitioner Ballew should be afforded a new trial under local community standards.

No. 74–645. NATIONAL RIGHT TO WORK LEGAL DEFENSE & EDUCATION FOUNDATION, INC., ET AL. *v.* INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, ET AL. C. A. D. C. Cir. Motion to defer consideration and certiorari denied.

No. 73–1902. NATIONAL INDEPENDENT COAL OPERATORS ASSN. *v.* BRENNAN, SECRETARY OF LABOR, *ante,* p. 955;

No. 73–6856. ROBINSON *v.* JEFFERSON COUNTY BOARD OF EDUCATION ET AL., *ante,* p. 862;

No. 73–6991. WILLIAMS *v.* CALIFORNIA, *ante,* p. 1046;

No. 74–426. JOINER ET AL. *v.* CITY OF DALLAS ET AL., *ante,* p. 1042;

No. 74–5132. YOUNG *v.* UNITED STATES, *ante,* p. 1002; and

No. 74–5527. BRIDGES *v.* TENNESSEE, *ante,* p. 1097. Petitions for rehearing denied.

No. 74–44. FAHRIG ET AL. *v.* LEDFORD, EXECUTOR, *ante,* p. 967. Motion for leave to proceed further herein *in forma pauperis* granted. Petition for rehearing denied.